UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RONALD L. WHITE et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 14-0478 (PLF) |
| TOM VILSACK, Secretary, United States Department of Agriculture, | ) ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION

Ronald L. White has filed this putative class action against the United States Department of Agriculture ("USDA"), based on USDA's historical discrimination against African American farmers in its provision of farming credit and benefits. Mr. White, proceeding *pro se*, invokes the Equal Credit Opportunity Act, Title VI of the Civil Rights Act of 1964, the constitutional rights to equal protection and due process protected by the Fifth Amendment, and 42 U.S.C. § 1983. USDA has filed a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Mr. White lacks standing; that his claims are otherwise jurisdictionally barred by the United States' sovereign immunity; and that his claims are untimely as well as precluded by the doctrine of res judicata. Based on the Court's consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will grant USDA's motion to dismiss the complaint.[1]

---

[1] The materials considered in connection with the pending motion include: the complaint ("Compl.") [Dkt. No. 1] and accompanying attachments; USDA's motion to dismiss [Dkt. No. 4] and the memorandum in support thereof ("USDA MTD") [Dkt. No. 4-1]; the

I.  BACKGROUND

In the complaint, Mr. White recounts some of the painful history surrounding USDA's discrimination against African American farmers.  See Compl. at 2.  As this Court has recognized, for decades USDA and local county commissioners to whom USDA delegated power "discriminated against African American farmers when they denied, delayed or otherwise frustrated the applications of those farmers for farm loans and other credit and benefit programs."  Pigford v. Glickman, 185 F.R.D. 82, 85 (D.D.C. 1999).

In the Pigford class action, this Court approved a Consent Decree between USDA and a plaintiff class composed of thousands of African American farmers, which created a mechanism for resolving the individual claims of class members outside the traditional litigation process.  By the end of the claims resolution process, nearly 23,000 claimants had been found eligible to participate, and the federal government had provided more than $1 billion in total relief to prevailing claimants.  See Monitor's Final Report on Good Faith Implementation of the Consent Decree and Recommendations for Status Conference (Apr. 1, 2012) [Dkt. No. 1812 in Civil Action No. 97-1978] at 1.  In addition, more than 60,000 potential claimants who were unable to participate in Pigford because they had not submitted timely claims subsequently had their claims resurrected by Congress through a provision of the Food, Conservation, and Energy Act of 2008 ("2008 Farm Bill").  See In re Black Farmers Discrimination Litig., 856 F. Supp. 2d 1, 11-12 (D.D.C. 2011).  This Court approved a Settlement Agreement between those plaintiffs

---

declaration of Richard Bithell ("Bithell Decl.") [Dkt. No. 4-2]; Mr. White's first opposition to USDA's motion to dismiss ("White 1st Opp.") [Dkt. No. 6]; Mr. White's second opposition to USDA's motion to dismiss ("White 2d Opp.") [Dkt. No. 7]; Mr. White's errata ("White Errata") [Dkt. No. 8]; and USDA's reply to Mr. White's oppositions to the motion to dismiss ("USDA Reply") [Dkt. No. 10].

and USDA, which led to the implementation of another non-judicial claims resolution process with a potential total payout of more than $1 billion in relief.

Mr. White's complaint appears mainly to be an effort to bring a new lawsuit on behalf of persons who were unable to participate in the Pigford or the In re Black Farmers Discrimination Litigation class actions, due either to a lack of notice or to purported ineffectiveness of counsel. See Compl. at 3-4. According to Mr. White, "those left out[] have an absolute right to come in now." Id. at 3.[2] Mr. White also seems to include within his putative class those persons who did participate as claimants in the two cases, but who "were not served well by the lawyers." Id. In addition, Mr. White has filed an "errata" that amends the complaint by adding as plaintiffs "the following groups of aggrieved victims of similar discrimination [by USDA]: Hispanic Americans, Females[] of all colors, Native American[s], and the White Underclass." White Errata at 1. In the complaint, Mr. White also appears to challenge two features shared by the Consent Decree and the Settlement Agreement:  the requirement that claimants must have previously complained of discrimination to an appropriate authority of the United States government; and the provisions establishing the finality of all decisions rendered by the neutrals responsible for processing and adjudicating plaintiffs' claims. See Compl. at 3-4. Mr. White seeks on behalf of the putative class "unspecified damages, in excess of $75,000.00 each, plus paralegal fees." Id. at 1.

---

[2] Mr. White also attaches to one of his opposition memoranda a "petition" bearing the case number from In re Black Farmers Discrimination Litigation, seeking an injunction restraining the Claims Administrator in that case from distributing damage awards to prevailing claimants. See White 1st Opp. at ECF pages 6-13. The gravamen of this petition appears to be that Mr. White and his co-plaintiffs wished to become members of the class, but were inadequately assisted by counsel and missed out on their opportunities to do so. See id. at 7.

## II.  DISCUSSION

The Court agrees with USDA that Mr. White's complaint must be dismissed. First, to the extent that Mr. White seeks to initiate a new class action lawsuit on behalf of would-be claimants in Pigford and In re Black Farmers Discrimination Litigation who did not participate due either to a lack of notice or to purported ineffective assistance of counsel, this effort is foreclosed both by the Pigford Consent Decree and by the Settlement Agreement in In re Black Farmers Discrimination Litigation.

Persons who failed to opt out of the Pigford class are bound by the settlement of that action, and therefore cannot now seek relief for alleged injuries that might have been redressable under the Consent Decree.  See Pigford v. Veneman, 208 F.R.D. 21, 23 (D.D.C. 2002).  A purported lack of notice to some class members does not alter that conclusion.  See id.; see also Pigford v. Veneman, 355 F. Supp. 2d 148, 161-63 (D.D.C. 2005) (rejecting challenge to the sufficiency of notice provided to the Pigford class).  Nor does the allegation that ineffective legal representation frustrated some would-be claimants' efforts to file claims provide grounds for upsetting the preclusive effect of the Consent Decree.  Although at one juncture during the claims resolution process in Pigford, class counsel's representation of some individual claimants was deemed so deficient as to warrant modification of the Consent Decree to permit extension of certain critical deadlines, see Pigford v. Veneman, 292 F.3d 918, 925-28 (D.C. Cir. 2002), such relief was only available to claimants who could demonstrate that they had been represented by class counsel (rather than by privately chosen counsel), whose errors caused them prejudice.  See Pigford v. Veneman, 344 F. Supp. 2d 149, 151-52 (D.D.C. 2004).  In other instances, the Court has rejected arguments advanced by claimants seeking various forms of relief on the basis of purported ineffective assistance of counsel.  See Pigford v. Veneman, 355 F. Supp. 2d at 164-65;

Pigford v. Veneman, 217 F. Supp. 2d 95, 98-99 (D.D.C. 2002).  In the present case, Mr. White's vague, general references to alleged ineffective assistance provided by class counsel in assisting would-be claimants to complete claim forms, see Compl. at 3, could not support modification of the Pigford Consent Decree, and therefore certainly could not provide any grounds for disturbing the preclusive effect of the settlement between the class and USDA.[3]

With specific reference to In re Black Farmers Discrimination Litigation, the class in that case was narrowly defined by Congress in the 2008 Farm Bill to include only those persons who previously had submitted a late-filing request under Section 5(g) of the Pigford Consent Decree, and who had not obtained a determination on the merits of their Pigford claims. See In re Black Farmers Discrimination Litig., 856 F. Supp. 2d at 11-12; see also id. at 32-33 (rejecting challenge to narrowness of class definition in Settlement Agreement, as class "encompasse[d] every individual authorized by the [2008 Farm Bill] to pursue relief under its provisions").  As in Pigford, this Court concluded that the notice provided to the class was adequate, see id. at 28-29, and the general deadline to file a claim passed more than two years ago, on May 11, 2012.  See id. at 23.  This Court has no authority to permit the filing of new claims, nor the initiation of a new lawsuit, by persons who contend that they were members of the class yet did not timely submit claims in accordance with the terms of the Settlement Agreement.  And to the extent that Mr. White seeks relief for putative class members who were denied membership in the class due to counsel's allegedly ineffective assistance in helping to fill out claim forms, see Compl. at 3, the Court has been presented with no specific facts that would

---

[3]  To the extent that Mr. White purports to seek redress for USDA's alleged discrimination during the decades from 1910 to 1970, see Compl. at 2, such claims would be clearly foreclosed by the Equal Credit Opportunity Act's five-year statute of limitations. See 15 U.S.C. § 1691e(f).

even warrant consideration of the possibility that the Settlement Agreement should be modified to allow the filing of new claims.

Mr. White's complaint also seems to assert challenges to provisions of the Consent Decree and Settlement Agreement providing that claimants must have previously lodged a complaint of discrimination with a relevant governmental authority, as well as challenges concerning the finality of decisions rendered by neutrals in the claims resolution processes. See Compl. at 3-4. But as highlighted by USDA in its motion to dismiss, Mr. White does not allege that he was a member of either class of plaintiffs nor that he was personally prejudiced by the Consent Decree or the Settlement Agreement, and so lacks standing in his own right to object to the terms of these agreements. See Rahman v. Vilsack, 673 F. Supp. 2d 15, 18-19 (D.D.C. 2009) (persons who are not members of class do not have standing to challenge settlement terms, unless they can show that settlement prejudiced them). Even assuming that some as yet unnamed plaintiffs within Mr. White's putative class would have standing to raise objections to the terms of the Consent Decree and Settlement Agreement — and construing Mr. White's complaint generously as something akin to a motion for reconsideration of the terms of these settlements — the Court finds no reason to reconsider its determinations that both the Consent Decree and the Settlement Agreement, including the particular provisions cited by Mr. White, were fair. See Pigford v. Glickman, 185 F.R.D. at 100-01, 107-08, 113; In re Black Farmers Discrimination Litig., 856 F. Supp. 2d at 36, 42.[4]

---

[4] The complaint also cites Title VI of the Civil Rights Act of 1964 and USDA's regulations implementing that statute, as well as 42 U.S.C. § 1983 and the constitutional rights to equal protection and due process protected by the Fifth Amendment. See Compl. at 1. But as USDA points out, none of these provisions could serve as the basis for the monetary relief sought from the United States by Mr. White. See Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("Section 1983 does not apply to federal officials acting under color of federal law."); Kelley v. FBI, Civil Action No. 13-0825 (ABJ), 2014 WL 4523650, at *20-22

III.  CONCLUSION

For the foregoing reasons, the Court will grant USDA's motion to dismiss Mr. White's complaint.  Because it is apparent that Mr. White cannot cure the deficiencies in the complaint, the dismissal is with prejudice.  An appropriate Order accompanies this Opinion.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 19, 2015

---

(D.D.C. Sept. 15, 2014) (sole damages remedy available under Fifth Amendment is for sex discrimination in the workplace); DynaLantic Corp. v. U.S. Dep't of Defense, 885 F. Supp. 2d 237, 291-92 (D.D.C. 2012) (Title VI does not apply to programs "maintained directly by federal agencies") (quoting Wise v. Glickman, 257 F. Supp. 2d 123, 132 (D.D.C. 2003)).  In his second opposition memorandum, Mr. White references the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and contends that this statute waives the defendant's sovereign immunity for the alleged discriminatory acts at issue.  See White 2d Opp. at 1-3.  The Court agrees with USDA that the FTCA has no application here.  See Hornbeck Offshore Transp., LLC v. United States, 569 F.3d 506, 509 (D.C. Cir. 2009) ("It is well-established that 'the violation of a federal statute or regulation by government officials does not of itself create a cause of action under the FTCA.'") (quoting Art Metal-USA, Inc. v. United States, 753 F.2d 1151, 1157 (D.C. Cir. 1985)).